IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| TERESA TOLLIVER | * | |
| | * | Civil Action No. CCB-19-2478 |
| v. | * | |
| | * | |
| ELEVEN SLADE APARTMENT | * | |
| CORPORATION, *et al.* | * | |

## MEMORANDUM

This is a civil rights and torts action brought by Teresa Tolliver against Eleven Slade Apartment Corporation ("Eleven Slade") and Leonard Freyer for violations of the Americans with Disabilities Act of 1990 (the "ADA") and for intentional infliction of emotional distress. Now pending is Eleven Slade's motion for summary judgment and for attorneys' fees and costs (ECF 20). The motion has been fully briefed and no oral argument is necessary. *See* Local Rule 105.6. For the reasons stated below, the motion for summary judgment will be granted and the motion for attorneys' fees and costs will be denied.

## FACTS & PROCEDURAL HISTORY

Teresa Tolliver worked as a vehicle valet attendant for the defendant, Eleven Slade, an apartment community in Pikesville, Maryland. (ECF 1, Compl., ¶ 7). In February of 2017, after disclosing that she had cancer, Tolliver contends that Eleven Slade cut her weekly hours of employment from thirty-two to four, even though she had not requested an accommodation or a reduction of hours due to this disability. (*Id*. ¶¶ 10–12). Consequently, Tolliver claims she lost her medical benefits and was forced to resign from her position. (*Id*. ¶ 13).

The parties do not dispute that Tolliver's last day of employment was April 28, 2017. (ECF 20-1, Mem. in Support of Def.'s Mot. for S.J., at 3; ECF 20-3, Pl.'s Admissions, No. 18). Nor is there any dispute that Tolliver filed an Equal Employment Opportunity Commission ("EEOC") charge against Eleven Slade alleging disability discrimination under the ADA on May

21, 2018.  (ECF 20-1 at 3; ECF 20-3, No. 25; *see also* ECF 20-6, Ex. A, Charge of Discrimination).

Tolliver brought suit in this court on August 27, 2019, asserting two counts arising out of her resignation: (1) disparate treatment and hostile work environment in violation of the ADA; and (2) intentional infliction of emotional distress in violation of Maryland law.  (*See generally* ECF 1).  She seeks back pay, reinstatement, damages for emotional distress, punitive damages, and attorneys' fees and costs.  (*Id*. at 4).   After being served with the complaint, defense counsel wrote to plaintiff's counsel asserting that the action was time barred and requesting that Tolliver voluntarily dimiss her complaint.  (*See* ECF 20-4; ECF 20-5).  About a month later, on May 1, 2020, Eleven Slade filed a motion for summary judgment and for attorneys' fees and costs, arguing that Tolliver's ADA claim is time-barred, that she fails to state a claim for intentional infliction of emotional distress, and that the court should award attorneys' fees and costs for Tolliver's failure to voluntarily dismiss her complaint.  (ECF 20, Mot. for S.J.).

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 56(a) provides that summary judgment should be granted "if the movant shows that there is no *genuine* dispute as to any *material* fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a) (emphases added).  "A dispute is genuine if 'a reasonable jury could return a verdict for the nonmoving party.'" *Libertarian Party of Va. v. Judd*, 718 F.3d 308, 313 (4th Cir. 2013) (quoting *Dulaney v. Packaging Corp. of Am.*, 673 F.3d 323, 330 (4th Cir. 2012)).  "A fact is material if it 'might affect the outcome of the suit under the governing law.'"  *Id.* (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).  Accordingly, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment[.]" *Anderson*,

477 U.S. at 247–48.  The court must view the evidence in the light most favorable to the nonmoving party, *Tolan v. Cotton*, 134 S. Ct. 1861, 1866 (2014) (per curiam) (citation and quotation omitted), and draw all reasonable inferences in that party's favor, *Scott v. Harris*, 550 U.S. 372, 378 (2007) (citations omitted); *see also Jacobs v. N.C. Admin. Office of the Courts*, 780 F.3d 562, 568–69 (4th Cir. 2015).  At the same time, the court must "prevent factually unsupported claims and defenses from proceeding to trial."  *Bouchat v. Balt. Ravens Football Club, Inc.*, 346 F.3d 514, 526 (4th Cir. 2003) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778–79 (4th Cir. 1993)).

## DISCUSSION

### I.     ADA

The court agrees with Eleven Slade that Tolliver's ADA claim is time-barred.  (*See* ECF 20-1 at 2).  Before filing suit in federal court, a plaintiff asserting claims under the ADA must first file an administrative charge with the EEOC or an appropriate state or local agency.  *See* 42 U.S.C. § 12117(a) (adopting in the ADA the enforcement provisions of Title VI, codified at 42 U.S.C. § 2000e-5, which require filing a charge); *see also Sydnor v. Fairfax Cty., Va.*, 681 F.3d 591, 593 (4th Cir. 2012).  Though normally the time to file a charge is 180 days from the date of the unlawful employment practice, in jurisdictions where a state or local agency exists to enforce laws prohibiting employment discrimination, the time to file a charge is extended to 300 days.  42 U.S.C. § 2000e-5(e)(1); *see also Tinsley v. First Union Nat'l Bank*, 155 F.3d 435, 439 (4th Cir. 1998).  Because the Maryland Commission on Civil Rights is a state agency enforcing such laws, plaintiffs in Maryland have 300 days from the date of the alleged discrimination to file a charge.  *Dewitt v. Clean Harbors Envtl. Servs., Inc.*, No. RDB-16-1705, 2017 WL 3116609, at *3 (D.

Md. July 21, 2017).[1]

The requirement of filing a charge with the EEOC is "an integral part" of the ADA's enforcement scheme as it promotes notice to employers and facilitates conciliation. *Chacko v. Patuxent Inst.*, 429 F.3d 505, 510 (4th Cir. 2005). These goals "would be undermined" if a plaintiff "could raise claims in litigation that did not appear in his EEOC charge." *Sydnor*, 681 F.3d at 593. Thus, "the scope of the plaintiff's right to file a federal lawsuit is determined by the [EEOC] charge's contents." *Id.* (internal quotation marks omitted). Claims not in the EEOC charge may be raised, however, if they are "like or related to allegations contained in the charge and growing out of such allegations during the pendency of the case[.]" *Stewart v. Iancu*, 912 F.3d 693, 705 (4th Cir. 2019) (internal citation and quotation marks omitted). The Fourth Circuit Court of Appeals has found claims unexhausted where, for instance, "a charge alleges only racial discrimination, but the complaint includes sex discrimination." *Sydnor*, 681 F.3d at 593–94 (citing *Bryant v. Bell Atl. Md., Inc.*, 288 F.3d 124, 132–33 (4th Cir. 2002)).

Tolliver's ADA claim fails as a matter of law because the uncontroverted evidence demonstrates that she failed to exhaust her administrative remedies. Though she does not precisely state when the alleged discrimination took place, the court will assume that Tolliver's alleged constructive discharge occurred on the final day of her employment, which was April 28, 2017. (*See* ECF 20-3 ¶ 22). Therefore, pursuant to 42 U.S.C. § 2000e-5(e)(1), Tolliver had 300 days—until February 22, 2018—to file an EEOC charge. But she did not file her charge until May of 2018, a few months too late. (*See* ECF 20-3 ¶¶ 23–26).

Though Tolliver argues that her EEOC charge was made timely by the "handwritten complaint" she mailed to the EEOC on January 13, 2017, she does not support this assertion by citation to the record or by providing an affidavit or declaration; instead, she attaches as an

---

[1] Unpublished opinions are cited for the soundness of their reasoning and not for their precedential value.

exhibit a copy of EEOC Form 212-A that is only partially filled out and is dated as received on January 17, 2018. (*See* ECF 21, Pl.'s Response to Def.'s Mot. for S.J., ¶ 7; ECF 21, Ex. I, EEOC Form 212-A). Eleven Slade has submitted a document it believes is the handwritten complaint, which shows that Tolliver wrote to the EEOC in January of 2017 to charge Eleven Slade with sexual harassment. (*See* ECF 22-1). Assuming this is the document to which Tolliver refers, it does not constitute an adequate charge for purposes of raising an ADA claim in this court because it cannot be said that her later claim of disability discrimimation is "related to" her earlier claim of sexual harassment, or that the disability discrimination "gr[ew] out of" her allegations of sexual harassment.[2]  *Stewart*, 912 F.3d at 705. Therefore, the court will enter judgment in favor of Eleven Slade on the ADA claim.[3]

## II.     Intentional Infliction of Emotional Distress

The court also agrees with Eleven Slade that Tolliver's common law claim for intentional infliction of emotional distress is facially invalid. (*See* ECF 20-1 at 2). Under Maryland law, to prevail on a claim for intentional infliction of emotional distress a plaintiff must establish: (1) the defendant engaged in intentional or reckless conduct; (2) the conduct was extreme or outrageous; (3) the wrongful conduct caused the emotional distress; and (4) the emotional distress was severe. *Batson v. Shiflett*, 325 Md. 684, 733 (1992). This cause of action "is to be used sparingly and only for opprobrious behavior that includes truly outrageous conduct." *Kentucky Fried Chicken Nat'l Mgmt. Co. v. Weathersby*, 326 Md. 663, 670 (1992). Indeed, extreme and outrageous conduct is only that which exceeds "all possible bounds of decency, and [is] to be

---

[2] Nor does it appear that Tolliver's handwritten complaint, which is unsigned, would satisfy the EEOC's requirement that a charge be signed under oath of affirmation. *See* 29 C.F.R. § 1601.9 ("A charge shall be in writing and signed and shall be verified.").

[3] And although Freyer was named as a defendant in Tolliver's complaint, he was apparently never served. Regardless, there are no allegations that Freyer engaged in any actionable conduct and the complaint accordingly will be dismissed sua sponte as to Freyer.

regarded as atrocious, and utterly intolerable in a civilized community." *Lasater v. Guttman*, 194 Md. App. 431, 448 (Ct. Spec. App. Md. 2010).

Tolliver claims, without supporting evidence, that after she disclosed she had cancer, her hours were decreased and she lost her medical benefits, causing severe emotional harm. (ECF 1 ¶ 10). Even assuming these allegations are true, they do not rise to the level of extreme and outrageous conduct required to state a claim for intentional infliction of emotional distress, as the conduct alleged to have occurred does not exceed all possible bounds of decency and is not utterly intolerable in a civilized community. *See, e.g.*, *Figueiredo-Torres v. Nickel*, 321 Md. 642, 655 (1991) (extreme and outrageous conduct where defendant psychologist engaged in sexual relations with plaintiff patient's wife during the time he was counseling the couple); *B.N. v. K.K.*, 312 Md. 135, 144 (1988) (extreme and outrageous conduct where defendant physician, with the knowledge he had transmittable herpes, engaged in sexual relations with and infected the plaintiff with herpes).

### III. Attorneys' Fees and Costs

Eleven Slade argues that it is entitled to an assessment of attorneys' fees and costs pursuant to Federal Rule of Civil Procedure 11. (ECF 20-1 at 4). Under Rule 11(b), an attorney or self-represented party presenting any document to the court must certify that to the best of her "knowledge, information, and belief, formed after an inquiry reasonable under the circumstances," the document's submission meets a number of requirements aimed at preventing litigation abuses, including by certifying that the claims are nonfrivolous and that the factual contentions have evidentiary support. Fed. R. Civ. P. 11(b)(2) and (3). Rule 11(c) permits a court to impose sanctions for violations of Rule 11. Notably, though, a Rule 11 motion must be filed as a separate motion. Fed. R. Civ. P. 11(c)(2). And the party seeking sanctions must serve

the Rule 11 motion on the opposing party at least twenty-one days before filing it with the district court to encourage informal resolution prior to court intervention. *Id.* Failure to comply with these procedural requirements precludes the imposition of sanctions. *Brickwood Contractors, Inc. v. Datanet Eng'g, Inc.*, 369 F.3d 385, 389 (4th Cir. 2004).

Eleven Slade did write informally to Tolliver's counsel describing the reasons why Tolliver's claims were insufficient and advising her that Eleven Slade would pursue sanctions under Rule 11 if she did not enter a voluntary dismissal. (*See* ECF 20-3; ECF 20-4). Still, Eleven Slade did not serve a Rule 11 motion on Tolliver, nor did it file a Rule 11 motion separate from its motion for summary judgment, as required by Rule 11(c)(2). Though the court approves of Eleven Slade's efforts to resolve this matter informally without drawing on the court's resources, and agrees that the complaint was clearly time-barred, the motion for attorneys' fees and costs must be denied.

## CONCLUSION

For the reasons stated herein, the court will grant Eleven Slade's motion for summary judgment and will deny Eleven Slade's motion for attorneys' fees and costs. Additonally, the complaint will be dismissed sua sponte as to Leonard Freyer. A separate order follows.

  11/2/20  
Date

/S/  
Catherine C. Blake  
United States District Judge